In the Matter of the Estate of ALICE E. WILSON, Deceased.

Surrogate's Court, Saratoga County, December 10, 1935.

*William C. Van Dorn,* executor, in person, and by *Butler, Kilmer, Hoey & Butler,* attorneys.

*Albert C. Wilson* in person and by *Charles F. King,* attorney.

*Katherine N. Starbuck* for Mary Louise Andrews, First Baptist Church, Josephine Knickerbocker and Grace Knickerbocker, residuary legatees.

*C. M. Gallup,* in person, and as recording secretary for Minister's and Missionary Benefit Board of Northern Baptist Convention.

Tuck, S. This is a proceeding for the judicial settlement of an account of an executor for a construction of two certain paragraphs of the will of Alice E. Wilson, deceased.

The ninth clause of the will reads: " 9. I give and bequeath to the Minister's and Missionary Benefit Board of the Northern Baptist Convention, New York City, sum of $2,000 as an annuity, the income from same to be paid to my brother Albert C. Wilson during his lifetime."

The tenth clause of the will reads: " 10. I give and bequeath to the First Baptist Church of Saratoga Springs, New York, $2,000 to be set aside as an annuity and the income from same to be paid to my brother Albert C. Wilson during his lifetime and at his death, the income from this sum to be equally divided between benevolence and the running expenses of the church."

At the hearing which was had in this proceeding the court inquired of the annuitant and his counsel whether they had any interest other than the determination of the amount of the annual payment on account of the annuity accruing from the bequest of $2,000 given to Minister's and Missionary Benefit Board of the Northern Baptist Convention. This query was answered that such was their only interest, but thereafter an election in writing was filed by Albert C. Wilson electing to receive the full amount of said bequests.

As to the bequest to the Minister's and Missionary Benefit Board of the Northern Baptist Convention, there is no provision in that paragraph of the will for a gift over after the death of Albert C. Wilson. It is, therefore, a bequest not intended or given for the benefit of the Minister's and Missionary Benefit Board of the Northern Baptist Convention but for the benefit of Albert C. Wilson, and having elected to take the entire bequest the court holds and determines that he is within his right and that a proper and lawful construction of the intent and purpose of the testatrix permits such an election and, having been made, that the said sum of $2,000 is now payable to the said Albert C. Wilson.

As to the tenth clause of the will, it is to be noted that there is a gift over after the death of Albert C. Wilson and that it is apparent therefrom that the testatrix intended to make a beneficial provision for First Baptist Church of Saratoga Springs, and while the word " annuity " has been used it is manifest that the testatrix had in mind a different idea from the one expressed in the ninth paragraph of her will, and in addition to which it appears that the testatrix was not a lawyer and has not made use of the word " annuity " in said tenth clause of her will in the technical and legal sense and meaning of the word.

Having made a gift over after the death of her brother, Albert C. Wilson, he is not now entitled to make an election to take the principal of that fund, and in the opinion of the court the proper and legal construction of the intent and meaning of the testatrix was to give to the said Albert C. Wilson the income upon said fund during the term of his life — the fund being preserved intact to be retained by the First Baptist Church, and the income thereafter to be divided between benevolence and the running expenses of the church.

Submit a decree accordingly, upon notice.